## PAROL AGREEMENT AS TO LEASE.

[Circuit Court of Columbiana County.]

PAUL METZGER v. ELLIS ROBERTS.

Decided, October Term, 1904.

*Lease—Evidence as to Contemporaneous Parol Agreement as to—When Admissible.*

Upon an action to collect rent, evidence is admissible for the purpose of showing that a contemporaneus parol agreement was made at the time the written lease was executed by which the lease was only to be used in organizing a corporation, and transferring the same to it, and under no circumstances to be a valid lease between the original parties.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

The action below was to recover an installment of rent due upon a lease of real estate from plaintiff, Paul Metzger, to defendant, Ellis Roberts, in Salem, this county.

The lease is in the ordinary form and demised a vacant factory, known as Salem Lock Works.

To the petition of plaintiff defendant set up two defenses: First, a general denial; and second, that at the time of the signing and delivery of the lease, a parol contemporaneous agreement was entered into by and between plaintiff and defendant, by which the lease was not to be a binding contract between plaintiff and defendant, but was to be used by defendant in organizing a corporation for the manufacture of automobiles in the premises of plaintiff, Metzger, and in securing subscriptions of stock to such corporation, and if the necessary amount of stock was procured and the corporation organized, then said defendant, Roberts, was to assign and transfer the lease to the corporation so organized; but, if defendant, Roberts, failed to procure the stock and organize the corporation, then such lease was to be of no effect whatever, and furthermore never was to be effective between Metzger and Roberts personally at any time; and the defendant asked that the lease be canceled and held for naught.

Upon trial before the common pleas court this contemporaneous parol agreement was permitted to be proven over the objection and exception of the plaintiff, Metzger. The cause was tried to the court, a jury being waived, and the court dismissed the petition of plaintiff, as it was fully justified in doing, if the evidence of the parol contemporaneous agreement was admissible.

The term by the provisions of the lease was to commence on the first day of December, 1902, and end on the 30th day of November, 1907, and it is said this evidence directly contradicted the terms and conditions of the written lease. Did it do so?

Evidently the object of the pleader in pleading the contemporaneous parol agreement was not to contradict the written lease, but was for the purpose of showing that no contract or agreement had ever been entered into that was binding between these parties.

In the 21 American and English Encyclopedia of Law, page 1097, it is said:

"One class of apparent exceptions to the general rule includes those cases in whch parol evidence is received to show that an instrument, which purports to be a written contract, is in fact no contract at all. In these cases, the extrinsic evidence is not received to vary or contradict the instrument, but to show that no binding obligation ever existed."

The text is supported by numerous decisions from a large number of states as well as from federal courts, and they all seem to justify the statement of the author.

In the case of *Ware* v. *Allen*, 128 U. S., 590, it is held:

"Parol evidence is admissible in an action between the parties, to show that a written instrument executed and delivered by the party obligor to the party obligee, absolute on its face, was conditional and was not indeed to take effect until another event should take place."

It is said by counsel for plaintiff that, conceding this is the general doctrine in the states, and in the federal courts, yet it is not the rule in Ohio. It is true that all the text-writers,

in their announcement of this rule, do not include the state of Ohio as supporting it, and some of them distinctly state that this is not the doctrine held by the Supreme Court of our state. An examination of the authorities in Ohio will show that in nearly all the cases, if not all of them, in which the question has been discussed, arose on promissory notes, it is true some of them between the original parties, and there is no doubt but what the lines are clearly drawn upon the admission of parol evidence in such cases, but we do not think they have gone to the extent claimed by counsel in argument.

In *Beecher* v. *Dunlap*, 52 O. S., 64, which is the strongest case upon the subject, it is held:

"Evidence of a parol agreement, made at the execution and delivery of a note, by which it is not to be operative, unless, within a given time, the makers are able to realize a given sum of money from property purchased, and for which the note was given, is not competent."

By reference to the opinion on page 65, which was by the court, it is said:

"On the trial an exception was reserved to the admission of evidence offered by the defendants, to the effect that, by an oral agreement, the notes were not to be transferred, 'and were to be null and void,' unless within a year the makers should be able to make $1,750 net from the manufacture and sale of the patent right."

From the whole case it would seem to decide that, in a case of a valid note given as such, parol evidence should not be admitted to show that it should become invalid upon the happening of certain conditions; which is not the case under consideration.

In the case of *Morris* v. *Faurot et al*, 21 O. S., 155, it was held:

"A brings an action, as indorsee, against B and others, as indorsers upon a blank indorsement of a non-negotiable promissory note, made after maturity. The defense is that the plaintiff, who was a stranger to the note, at the request of the makers, and for the makers, paid the amount of the note in full to the defendants as holders, and thereby discharged the same; that

after such payment, the defendants, without indorsement, delivered the note to the plaintiff, for the use of the makers; that after such delivery the defendants, at the request of the plaintiff, wrote their names on the back of the note (the indorsement sued on) with an express understanding between the parties, that such indorsement was to be used by the plaintiff as evidence to the makers that he had paid the note for them, and for no other purpose. Held, that the admission of parol proof of such defense is not a violation of the rule of evidence, that parol testimony is inadmissible to explain, contradict, or vary the terms of written instruments.''

Judge McIlvaine, in the opinion, says:

''That parol testimony is inadmissible to contradict or vary the terms of written instruments, and that the contract of an indorser of a promissory note, whether the indorsement be in blank or otherwise, is within the meaning of that rule, as general propositions of law are true, may be admitted for the purposes of this case. But the question in that case, as we understand it, was not as to the terms of the contract, or the nature or extent of the indorser's liability, but whether there was any contract at all out of which any liability could arise.

''A blank indorsement which evidences a contract, the terms of which can not be contradicted or varied by parol testimony, is one made in the usual course of business, for the purpose of transferring the title of or giving credit to the paper. The defense in this case was that no transfer of title was intended, nor was credit intended to be given this note by the transaction, but that it was paid and discharged by the makers through and by the plaintiff, who was acting for them and at their request.

''The object and tendency of the testimony objected to were to prove this defense—to show that the note itself, as well as the indorsement thereon, at the time of delivery to the plaintiff were nullities, and not evidence of subsisting obligations. We can see no reason why such proof upon such an issue between the parties to the transaction should not be allowed.''

From these considerations we are of opinion that the court did right in admitting the evidence.

There is another view of the case that leads to the same result.

The second defense was in fact a cross-petition, seeking to cancel the pretended agreement on the ground that it was fraudulent as against the defendant, and to permit its enforcement

would be a fraud upon him. There can hardly be any question but what the evidence would be admissible upon that issue. Possibly that issue, being an equitable one that went to the merits of the case, should have been tried first, but the parties without objection tried the whole case together to the court, a jury being waived, and they having so done, if the action of the court was right in admitting the evidence upon the equitable branch of the case, no error was committed.

The judgment of the court of common pleas will be affirmed.

*A. W. Taylor* and *W. H. Spence*, for plaintiff in error.

*L. F. Farr*, for defendant in error.